Judge Mills
delivered the opinion of the Court.
The in error, had issued his distress warrant for rent, and caused it to be levied on certain hogs, as the property of his tenant, William F. Hansford. The plaintiff in error, claimed the hogs of the officer, who called a jury to try the title. The defendant attended the jury, and actively opposed the claim of the plaintiff before that jury, both by evidence and argument, and procured a verdict in favor of his warrant of distress, and the property was sold at his instance, he being an attendant at the sale and urging it for his benefit.
The plaintiff then brought his action of trover for the conversion of the hogs, and after proving his title thereto primafacie, and that the hogs were disposed of by the defendant as before stated, the court below instructed the jury as in case of a *90 non-suit, deciding that the defendant never had such possession of the hogs as would subject him to an action of trover, and the jury found for defendant, and judgment was rendered accordingly.
In dotinne the defendant jnust have had possession — not so in trover— —There may be conversion without a visible possession— —The gist of this action is the conversion.
If the landlord directs the distress warrant to be levied on the property of a stranger and causes it to be sold, he is guilty of a conversion of that property
Depciv, for plaintiff.
In detinue, the defendant must have had possession; but we know of no authority requiring possession in the defendant, in an action of trover^
In the former action, the possession and detention, in the latter, the conversion, is the gist of the action, and that a defendant may procure a conversion, without being visibly possessed of property, there cannot be any reasonable doubt. Indeed it cannot he said that the defendant was never possessed of the property.
At common law, the landlord himself issued his distress warrant, and chose his bailiff and prosecuted his Mistress. This bailiff was his agent, and the taking and, disposing of the estate was his own act; for quifacit per alium, facii per se.
Our Legislature, supposing that such power entrusted to the landlord might be an engine of oppression, has imposed a check upon it, by requiring the oath of the landlord as to what is due, and directing a justice to issue the warrant; hut still the officer-is completely a substitute for the landlord, so far as he acts under his special directions and instance, and is legally authorized to do for the landlord what befoi e he could do himself; and the warrant could give no authority as to the property of the plaintiff, and as to him, if the property belonged to him, it was a complete conversion, and the decision of the court, therefore, is wholly erroneous, and must be reversed, with costs, the verdict set aside, and the cause remanded with directions for new proceedings, not inconsistent with this opinion,